IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TOLA LANE MESSICK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 315-082 |
| | ) | (Formerly CR 308-018) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Tola Lane Messick, an inmate at Butner Federal Medical Center in Butner, North Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This case is now before the Court on Respondent's motion to dismiss. (Doc. no. 5.) Even after prompting from the Court, (doc. no. 6), Petitioner failed to respond to Respondent's motion, and it is thus deemed unopposed, see Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, that Petitioner's § 2255 motion be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

**I.  BACKGROUND**

    **A.  Indictment and Agreement to Plead Guilty**

On December 11, 2008, the grand jury in the Southern District of Georgia charged Petitioner in a two-count indictment with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). United States v. Messick, CR 308-

018, doc. no. 1 (S.D. Ga. Dec. 11, 2008) (hereinafter "CR 308-018"). The Court originally appointed attorney Ralph Jackson under the Criminal Justice Act to represent Petitioner, but Petitioner later retained attorney James Garner to represent him. Id., doc. nos. 23, 24, 26.

On December 17, 2009, Petitioner pled guilty to one felon in possession charge, and in exchange the government dropped the second charge and agreed not to object to a recommendation for a two-point acceptance of responsibility reduction and to move for an additional one-point reduction under the Sentencing Guidelines. Id., doc. nos. 34-36. For his part, Petitioner admitted that he had possessed specific firearms and ammunition after having been previously convicted of at least three violent felonies, including three burglaries of a structure and three armed robberies. Id., doc. no. 35, pp. 4, 7-8.

Petitioner's plea agreement included a broad appeal and collateral attack waiver that stated in relevant part:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a 28 U.S.C. § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of the sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Id. at 6.

### B. Sentencing

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI"), which set Petitioner's Total Offense Level at

thirty, Criminal History Category at IV, and Guideline imprisonment range at 135 to 168 months. PSI ¶¶ 36, 50, 78. However, the PSI specifically delineated that Petitioner had prior convictions for at least three violent felony offenses, including three burglaries and three armed robberies. PSI ¶¶ 34, 38-40, 42, 44, 45. Therefore, he was subject to a mandatory minimum sentence of fifteen years imprisonment under the Armed Career Criminal Act ("ACCA"). PSI ¶ 77. No objections to the PSI were filed. See PSI Add.

United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner to 180 months imprisonment, along with a five-year term of supervised release, and a $100 special assessment. CR 308-018, doc. no. 39. The judgment entered on March 16, 2010. Id.

### C. Direct Appeal and § 2255 Proceedings

Consistent with his plea agreement, Petitioner did not file a direct appeal. However, on September 29, 2015, Petitioner signed the instant § 2255 motion, which the Clerk filed on October 5, 2015. (Doc. no. 1, pp. 1, 14.) In his § 2255 motion, Petitioner raises only one ground for relief, that his ACCA enhancement should be removed pursuant to Samuel Johnson v. United States, 135 S. Ct. 2551 (2015). (See generally id.) Petitioner does not ask to withdraw his guilty plea; he asks only to be resentenced without the ACCA enhancement. (Id. at 13.) Respondent has waived any statute of limitations and procedural default defenses. (Doc. no. 5, p. 3.) However, Respondent contends the § 2255 motion should be dismissed because Johnson has no application to Petitioner's sentence, and Petitioner has seven prior convictions that qualify as violent felonies under the ACCA. (See generally id.)

3

## II. DISCUSSION

### A. Parsing the Terms of the ACCA.

Under the ACCA, a felon in possession of a firearm faces a more severe punishment if he has three or more previous convictions for a "serious drug offense" or a "violent felony." Johnson, 135 S. Ct. at 2555. If a violator has three or more such convictions, the ACCA increases his prison term to a minimum of fifteen years and a maximum of life. Id. Without the § 924(e) enhancement, the felon in possession count carries a possible statutory sentence of not more than ten years imprisonment. 18 U.S.C. § 924(a)(2).

The "elements clause" of the ACCA defines a qualifying predicate "violent felony" as any crime that "has an element the use, attempted use, or threatened use of physical force against the person of another. . . ." Id. § 924(e)(2)(B). The ACCA also defines a violent felony as the enumerated offenses of burglary, arson, extortion, or those involving the use of explosives. Id. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B)(ii). In Johnson, the Supreme Court found the residual clause to be void for vagueness and a violation of the Constitution's guarantee of due process. 135 S. Ct. at 2563.

### B. Petitioner Is Not Entitled to Resentencing Because His Three Prior Armed Robbery Convictions Continue to Qualify as Predicate Offenses Under the "Elements Clause" of the ACCA.

Petitioner provides no detail to his argument for resentencing other than to state generally that a recent Supreme Court ruling challenged the utilization of the ACCA sentence enhancement, and because an ACCA enhancement was applied to his sentence, he

4

is entitled to relief. (Doc. no. 1, p. 4.) He does not now, as he did not at the time of sentencing, challenge the existence, or his guilt, of the prior convictions for burglary of a structure and armed robbery, as set forth in his plea agreement and detailed in the PSI as the basis for the determination that he had been convicted of at least three violent felony offenses. CR 308-018, doc. no. 35, pp. 4, 7-8; PSI Add. Rather, Petitioner simply states in his request for relief that the ACCA enhancement should be removed and his sentence recalculated "based on the listed infractions in my [PSI]." (Doc. no. 1, p. 12.)

Although the government argues that Petitioner's four Florida convictions for burglary qualify as violent felonies under the enumerated crimes portion of the ACCA, the Court need not address those four convictions because Petitioner qualifies for the ACCA enhancement based on the three armed robbery offenses. See United States v. Weeks, 711 F.3d 1255, 1262 (11th Cir. 2013) ("Because Weeks has not demonstrated that the district court erred in classifying his three burglary convictions as separate predicate offenses under the ACCA, we need not consider whether Weeks' conviction for aggravated battery can serve as a fourth qualifying offense.").

Petitioner's request for relief pursuant to Johnson falters out of the gate because his predicate offenses do not fall under the residual clause of the ACCA, the only portion of the statute that the Johnson ruling determined violated due process and was therefore unconstitutional. See Johnson, 135 S. Ct. at 2563. Accordingly, the Court turns its attention to determining whether Petitioner's armed robbery convictions satisfy the "elements clause"

5

of the ACCA, that is, whether they were crimes that "ha[ve as] an element the use, attempted use, or threatened use of physical force against the person of another. . . ." 18 U.S.C. § 924(e)(2)(B). Under the elements clause, "the phrase 'physical force' means *violent* force – that is, force capable of causing physical pain or injury to another person." Curtis Johnson v. United States, 559 U.S. 133, 140 (2010). "[I]n determining whether a prior conviction is a qualifying offense for enhancement purposes, we apply a 'categorical' approach – that is, we look no further than the fact of conviction and the statutory definition of the prior offense." United States v. Lockley, 632 F.3d 1238, 1240 (11th Cir. 2011).

Petitioner's three prior armed robbery convictions came from crimes committed in Florida in 1977 and 1981. PSI ¶¶ 38-40. The version of the Florida robbery statute in place at that time defined "robbery" as "the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1) (1977). The Eleventh Circuit has ruled that a Florida robbery conviction categorically qualifies as a predicate offense under the ACCA. See Lockley, 632 F.3d at 1245. Although the Eleventh Circuit ruled on a subsequent version of Florida's robbery statute, both versions contained the pivotal language of taking money or property from the person or custody of another "by force, violence, assault or putting in fear."

In turn, a robbery under the Florida statute becomes armed robbery "[i]f in the course of committing the robbery the offender carried a firearm or other deadly weapon." Fla. Stat.

6

§ 812.13(2). The PSI details Petitioner's involvement in armed robberies involving the use of weapons, to include guns and a butcher knife. PSI ¶¶ 38-40. Given the statutory definition, every armed robbery then necessarily involves the elements of a robbery, which, as explained above, the Eleventh Circuit has determined qualifies as a predicate offense under the ACCA. Indeed, the Eleventh Circuit has ruled that a Florida armed robbery conviction qualifies as a predicate offense under the elements clause of the ACCA. United States v. Dowd, 451 F.3d 1244, 1255 (11th Cir. 2006); United States v. Oner, 382 F. App'x 893, 896 (11th Cir. 2010) ("The carrying of a firearm or other deadly weapon during a robbery surely implicates violent force and of the most severe kind."); Reed v. United States, Nos. 10-21229-Civ, 07-20634-Cr, 2010 WL 4982817, at *5 (S.D. Fla. Nov. 10, 2010) (recognizing Eleventh Circuit held armed robbery under Florida law "undeniably" qualified as violent felony based on defining element "the use, attempted use, or threatened use of physical force against the person of another"), *adopted by* 2010 WL 4973728 (S.D. Fla. Dec. 2, 2010).

In sum, even after the Supreme Court's most recent Johnson decision, Petitioner has at least three ACCA predicate offenses based on his armed robbery convictions in Florida. Therefore, Petitioner is not entitled to be resentenced without the ACCA enhancement.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** (doc. no. 5), that Petitioner's § 2255 motion

be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 25th day of January, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA